**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN KEITH BRAGG, | Civil Action No.:10-6187 (NLH) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| LIBRARIAN MUNIAK, et al., | |
| Defendants. | |

**APPEARANCES:**

Brian Keith Bragg, Pro Se
# 648827
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**HILLMAN**, District Judge

Plaintiff, Brian Keith Bragg, a prisoner at the Northern State Prison, Newark, New Jersey, seeks to bring this action in forma pauperis ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the

reasons set forth below, the Court concludes that the case should be administratively terminated at this time.

### BACKGROUND

Plaintiff's original complaint seeks to sue the librarian at the South Woods State Prison for restricting Plaintiff's access to the law library in retaliation for his filing of grievances. (Complt., ¶ 4b). He also names as a defendant Karen Balicki, the Administrator of South Woods State Prison (Complt., ¶ 4c), and Corrections Officers Good, King, Rivera, Tomlin, Vennell, Cris, and John Does, McKishen, and Mailroom John Does (Complt., ¶ 4d).

Plaintiff's original complaint asserts that the defendants have retaliated against his filing of grievances by subjecting him to multiple cell searches, seizing legal materials, verbal abuse, and threats of disciplinary action. He states that legal mail has been opened outside of his presence. He alleges he was harassed and "threatened with death." (Complt., ¶ 6). Plaintiff contends that defendant Muniack, the librarian, denied him supplies to file suits, and "spread rumors to correctional officers that Plaintiff was filing lawsuits against correctional officers." (Complt., ¶¶ 23-26). Plaintiff asked for monetary relief.

On January 10, 2011, Plaintiff filed an Amended Complaint (docket entry 3). In his amended complaint, Plaintiff attempts to add a Count Three to his original complaint, asserting that on

December 5, 2010, he was assaulted.  Plaintiff states: "Plaintiff was being escorted into a holding cell for strip searching.  Please note: Plaintiff was handcuffed from behind during this assault.  Defendant John Doe One stated 'this is Mr. Bragg, he likes filing law suits against Correctional Officers.'  Defendant SCO John Doe two, using his authority as a SCO, began to berate Plaintiff and began beating Plaintiff with his fists, without any provocation."  (Am. Complt., ¶ 3).  He states in Count Four of his amended complaint that "Nurse Jane Doe eight and Nurse Jane Doe nine refused to treat plaintiff or issue him pain medication" after the assault.  (Am. Complt., ¶ 23).

   Along with his amended complaint, Plaintiff filed a "declaration in support of plaintiff's emergency motion for injunction a temporary restraining order" (docket entry 3-2).  In the declaration, Plaintiff states that officials at Northern State Prison, where he was transferred to from South Woods at some point after the assault, are not providing medical treatment to him.  Plaintiff admits that he was seen by medical staff at the Northern State Prison on December 22, 2010, for pain in his right knee due to the assault, but was told that there was nothing they could do for him.  (Declaration, ¶¶ 5-8).  He complains that his knee is stiff, he cannot walk normally, and that he does not have the same range of motion that he had prior to the assault.  (Declaration, ¶ 10).

3

On February 22, 2011, while housed at the Northern State Prison, Plaintiff filed a Second Amended Complaint (docket entry 5).  In the second amended complaint, Plaintiff asserts that corrections officer Heartland had denied him access to the law library in retaliation for his filing of grievances, and has thrown away his requests for research and copies.  (Sec. Am. Complt., ¶¶ 1-6).  He also asserts that Peggy Brooks has "purposefully thrown away Plaintiff's grievances," and "ordered her staff not to investigate Plaintiff's grievances or process them" in retaliation for his prior grievances.  (Sec. Am. Complt., ¶¶ 12-14).  In the second amended complaint, Plaintiff also reasserts his medical care claim against the staff at Northern State Prison.  He names various staff medical people at Northern State Prison, alleging that they believe he is "faking" his injuries, that nothing can be done for him, and that he still experiences stiffness and limited motion.  (Sec. Am. Complt., ¶¶ 20-32).

On March 17, 2011, Plaintiff filed a letter, attaching an MRI report of his right knee taken at St. Francis Medical Center on February 4, 2011.

## DISCUSSION

**A.    STANDARDS FOR A SUA SPONTE DISMISSAL**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26,

4

1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

    Recently, in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>See</u> <u>id.</u> at

1948; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

**B.   SECTION 1983 ACTIONS**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected,

> any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   JOINDER**

Rule 10(b) of the Federal Rules of Civil Procedure provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 18(a) controls the joinder of claims.  In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
>
> (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  See, e.g., Pruden v. SCI Camp Hill, 252 Fed. App'x 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all. If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy.  See Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.

See, e.g., Pruden v. SCI Camp Hill, 252 Fed. App'x 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

Pursuant to Rule 21, misjoinder of parties is not a ground for dismissing an action.  Instead, a court faced with a complaint improperly joining parties "may at any time, on just terms, add or drop a party.  The court may also sever any claims against a party."

In this case, Plaintiff's claims throughout his original, amended, and second amended complaints span from access to the law library and excessive force in the South Woods State Prison, to access to legal materials and medical care in the Northern State Prison.  In addition, in his amended and second amended complaints, Plaintiff does not list the parties, their official positions, and the places of their employment in a clear manner.  Thus, Plaintiff has not asserted at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

However, it appears that certain claims from each of Plaintiff's complaints may warrant answers from the defendants, or potential defendants.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion

9

is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

In this case, Plaintiff has filed three complaints (docket entries 1, 3, 5).  As noted, each complaint asserts different claims, and apparently different defendants, yet the complaints are not clear as to whom Plaintiff seeks to sue for which claims.  For example, in the Amended Complaint (docket entry 3), Plaintiff mentions an Officer Jackson, but Jackson is not named as a defendant.  It is unclear to the Court which claims are asserted against which defendants, and whom Plaintiff would seek to serve with the complaint(s).

Therefore, to ensure that all his claims are addressed, Plaintiff must file one, all-inclusive complaint, asserting properly joined claims and parties, naming proper defendants, and the allegations against each defendant.  This Court will order that the case be administratively terminated, without assessing a filing fee, and will order the Clerk to send Plaintiff a form complaint.  If Plaintiff wishes to reopen this case, he may file

a motion to reopen, attaching one all-inclusive complaint as set forth in this opinion.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint will administratively terminated.  Plaintiff may file a motion to reopen this case and file a proper complaint to cure the deficiencies noted herein.  An appropriate order follows.


    /s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: December 22, 2011
At Camden, New Jersey

11